# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| VINCENT BURCH, | ) |
| Plaintiff, | ) |
| v. | ) CV 03-CO-1517-W |
| MR. WALKER, Brent Correctional Officer, et al., | ) |
| Defendants. | ) |

**FILED 04 JUN 22 AM 10:53 U.S. DISTRICT N.D. OF ALABAMA**

**ENTERED JUN 2 2 2004**

## MEMORANDUM OF OPINION

This is a civil action pursuant to 42 U.S.C. § 1983 filed by the plaintiff, Vincent Burch. In his *pro se* complaint, plaintiff names Corrections Officers Walker and Cooper as defendants. Plaintiff contends defendants Walker and Cooper failed to protect him. Plaintiff also contends defendant Walker conspired against him and denied him medical care. As compensation for the alleged constitutional violations, plaintiff seeks a declaratory judgment and monetary relief. Defendants filed a motion for summary judgment.

On May 21, 2004, the magistrate judge entered a report and recommendation, recommending that defendants' motion for summary judgment be granted in part and denied in part. No objections have been filed.

Having carefully reviewed and considered *de novo* all the materials in the file, including the report and recommendation, and the objections thereto, the court is of the opinion that the magistrate judge's findings of fact and conclusions of law are due to be and are hereby ADOPTED and his recommendation is ACCEPTED.

Accordingly, the court EXPRESSLY FINDS that there are genuine issues of material fact showing that defendants Walker and Cooper failed to protect plaintiff. Therefore, the motion for

summary judgment filed by defendants Walker and Cooper as to this claim is due to be denied as a matter of law.

The court also EXPRESSLY FINDS that there are genuine issues of material fact showing that defendant Walker conspired against plaintiff and denied or delayed medical care to plaintiff during the attack and prior to the arrival of other corrections officers. Therefore, the motion for summary judgment filed by defendant Walker as to these claims is due to be denied as a matter of law.

Finally, the court EXPRESSLY FINDS that there are no genuine issues of material fact showing defendant Walker denied or delayed plaintiff medical care after other corrections officers arrived at the scene of plaintiff's attack. Therefore, the motion for summary judgment filed by defendant Walker as to this claim is due to be granted as a matter of law.

Accordingly, with the exception of the medical care claims against defendant Walker occurring after other officers arrived to assist plaintiff, all claims against defendants Walker and Cooper are due to be REFERRED to magistrate judge John E. Ott, for further proceedings.

An appropriate order will be entered.

DATED this 22nd day of June, 2004.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE